[No. 7888.]

COUNTY OF ADAMS v. THE DISTRICT COURT OF THE FIRST
JUDICIAL DISTRICT.

COUNTIES—*Examination of Accounts—Fees of Committee*—The district court has no expressed power to fix the compensation of the committee appointed by the judge, of his own motion, under sec. 1337, Rev. Stat., to examine the accounts of the treasurer. An order of the court, *ex parte*, making the allowance, is without authority of law, and will be reversed on error brought.

*Error to Adams District Court.*—Hon. CHARLES McCALL, Judge.

Mr. GEORGE ALLAN SMITH, Mr. JOHN T. BARNETT, Mr. GEORGE A. GARARD, County Attorney, for plaintiffs in error.

No appearance for defendants in error.

CHIEF JUSTICE MUSSER delivered the opinion of the court:

Pursuant to Section 1337 Rev. Stat. 1908, the judge of the district court of the first judicial district, in and for Adams County, of his own motion, appointed a committee of three persons to examine the official accounts of the treasurer of that county. This committee proceeded with its work. Before completion, each of the members of the committee presented to the district judge a bill for the services rendered. These bills were allowed by the judge, and the county commissioners, who are plaintiffs in error, were ordered to pay them. Later the judge issued a citation to the county commissioners, wherein it was stated that it had been represented to the court that the county commissioners had failed and refused to allow the claims which had been ordered paid by the court, and the commissioners were commanded to appear before

the court on a certain day and hour, to show cause why they had failed to comply with the said orders and why they should not forthwith convene and allow the claims. In response to this citation, the commissioners, in person and by their attorney, appeared in court and filed a motion to quash and suppress the citation. The court refused to hear this motion and struck it from the files. Thereupon, the commissioners tendered a written answer to the court in response to the citation, which the court would not permit to be filed. Then, after some conversation with the court it was ascertained that the committee had not presented the bills for their entire services. An adjournment was taken, during which the committee presented additional bills to the county commissioners, who allowed the sum of $1068 and refused to allow a further sum of $845. When court reconvened it was informed of the action of the county commissioners.

Thereupon, the court made an order allowing the further amount of $845, and ordered the commissioners to allow the same, and to issue a warrant for the payment thereof. When questioned by the court, the county commissioners stated that they would not allow and pay this further amount because they regarded it excessive. An adjournment was taken and, on the reconvening of the court, the commissioners, by their attorney, informed the court that they still adhered to their former statement; whereupon the court adjudged each of them guilty of contempt, and ordered them confined in the county jail until they would comply with the order of the court to allow and pay the bills. To review this judgment, this writ of error is prosecuted.

While the statutes direct district courts to appoint such committees for the examination of the accounts of county treasurers, they nowhere fix or mention the compensation which the members of the committees shall receive for their work, nor do they expressly give to the

district judge the power to fix or allow any compensation or to order their compensation paid by the county. There is no reason why a claim against the county for such services should not take the usual course. If the district court has any power to fix the amount of compensation that the committee shall receive, it is only by implication. In other cases of claims against the county they are presented to the board of county commissioners and by that body allowed or disallowed in whole or in part, and if the claimant is dissatisfied with the action of the board he has his appeal to the district court where the matter be adjudicated as in any other case of a claim of one person against another.

In the present case, the district court, upon presentation to it of the bills of the claimants, allowed them. The county was given no opportunity to be heard. Without such opportunity, in an *ex parte* manner, the claims were allowed by the district court, and the county commissioners were ordered to pay them. To imply that the discretion which the statutes, in other cases of claims against a county, vest in the county commissioners, was in this case vested in the district court or district judge, and that he could determine the matter without a hearing or without opportunity to the county to be heard, is contrary to all principles of law. The judge was without any authority in the premises and wholly exceeded his jurisdiction. The judgment is, therefore, reversed, the cause remanded, and it is ordered that the citation be quashed and the proceedings dismissed.

*Reversed and remanded with directions.*

Mr. Justice White and Mr. Justice Bailey concur.